### In the Matter of ANONYMOUS.

### No. 89S00–9411–DI–1083.

Supreme Court of Indiana.

Sept. 8, 1995.

## DISCIPLINARY ACTION

### PER CURIAM.

The respondent has been charged by the Disciplinary Commission in a verified complaint for disciplinary action with violating Rules 1.6(a), 1.8(b), and 1.16(a)(1) of the *Rules of Professional Conduct for Attorneys at Law.* The Commission and the respondent now tender for this Court's approval a statement of circumstances and conditional agreement for discipline, pursuant to Ind.Admission and Discipline Rule 23, Section 11(g). In their agreement, the parties agree that the proper sanction for the respondent's misconduct is a private reprimand and that the facts and circumstances of this case should be set forth in an anonymous opinion to educate the Bar. We approve the parties' agreement, and herein more fully set forth the facts and circumstances of this case.

As stipulated by the parties, the respondent was contacted by an individual (the "mother") in April or May of 1994 about representing her in seeking a child support arrearage due to her from the father ("father") of her minor child. She supplied the respondent with records concerning her support action and her income. Also included in these documents was information regarding the father, including the fact that he was going to receive a substantial inheritance, his salary, his place of employment, and his address.

In the course of reviewing the documents supplied by the mother, the respondent discovered that on July 17, 1992, a judgment had been entered against the mother and father, making them jointly liable for almost $4,500 of medical and hospital debt resulting from the birth of their child. The judgment was in favor of the local county welfare department. The respondent was, at all times relevant to this proceeding, the attorney under contract to represent the local county welfare department.

The respondent contacted the mother to determine if the medical debt owed to the welfare department had been paid by either her or the father. It had not. The respondent then informed the mother that he would be unable to represent her in the case because of a conflict of interest, then forwarded her documents, at her request, to another attorney. Thereafter, the respondent received approval from the local county welfare department to file a collection suit against the father, which he did on April 26, 1994. Later, the father's counsel joined the mother as a party defendant in the collection suit. The respondent ultimately obtained a summary judgment against the mother and the father. The respondent did not withdraw from the case after the mother was joined as a party defendant.

We find that, by revealing information relating to the representation of the mother without her consent, the respondent violated Ind.Professional Conduct Rule 1.6(a). By using that information to her disadvantage without her consent, he violated Prof.Cond.R. 1.8(b). By failing to withdraw as counsel for the local welfare department during the collection suit against the mother when such representation violated the *Rules of Professional Conduct,* the respondent violated Prof. Cond.R. 1.16(a)(1).

The respondent and the Commission agree that several factors mitigate the severity of his misconduct. They agree that the information gained by the respondent about the mother's case was readily available from public sources and not confidential in nature. The respondent declined to represent the mother after he learned of her outstanding debt owed to the county welfare department, and advised her to seek other counsel. He did not at any time request that she sign an employment agreement, seek a retainer fee, or otherwise charge her. We see no evidence of selfish motive on the respondent's part.

The respondent's use of information gained during consultations with the mother represents misuse of information entrusted to him in his capacity as a lawyer. Such conduct

not only threatens harm to the individuals involved, but also erodes the integrity of the profession. At the same time, we note that the respondent appears to have had no sinister motives. For these reasons, we accept the agreed sanction of a private reprimand.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and DeBRULER, DICKSON and SELBY, JJ., concur.

SULLIVAN, J., not participating.